IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2004 Session

## MICHAEL C. MALLEN v. AMERICAN INTERNATIONAL GROUP, INC., ET AL.

**Interlocutory Appeal from the Circuit Court for Hamilton County**
**No. 01C1584     L. Marie Williams, Judge**

**No. E2004-00047-COA-R9-CV - FILED JANUARY 28, 2005**

We granted the Tenn. R. App. P. 9 application of the AIG defendants[1] to review their claim that an order of the trial court entered December 31, 2003, *nunc pro tunc* December 22, 2003,[2] pertaining to pre-trial discovery is "overly broad, unduly burdensome, and extraordinarily costly both in terms of human effort and financial expense, and that disclosure of the documents ordered by the trial court would violate the [federal] Gramm-Leach-Bliley Act." We have determined that the AIG defendants' application was improvidently granted. Accordingly, this appeal is dismissed. This case is remanded to the trial court for further proceedings as outlined in this opinion.

**Tenn. R. App. P. 9 Appeal by Permission; Appeal Dismissed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Jonathan E. Kaplan, Memphis, Tennessee; T. Maxfield Bahner, W. Jeffrey Hollingsworth, and Anthony A. Jackson, Chattanooga, Tennessee, for the appellants, American International Group, Inc., American International Specialty Lines Insurance Co., American International Surplus Lines Agency, Inc., Willis North America, Inc., John F. Killebrew, and Annis Trevarthen.

Kyle E. Hedrick and Glenna M. Ramer, Chattanooga, Tennessee, for the appellee, Michael C. Mallen.

### OPINION

---

[1] The defendants are American International Group, Inc., and related entities and individuals. Because these defendants have a common interest in this litigation, as evidenced by the fact that they are all represented by the same counsel, we will refer to them as "the AIG defendants."

[2] The order was signed by Judge Jacqueline E. Schulten. She subsequently recused herself and this case was thereafter assigned to Judge L. Marie Williams.

On this appeal, the AIG defendants seek to convince us that the subject order of December 31, 2003, is inaccurate in that it recites that the parties *agreed* to the production of certain categories of documents. They further claim that the production decreed in the subject order "would take an Herculean effort – tens of thousands of hours and millions of dollars in expense to locate, gather, organize, review, and redact all of the documents ordered to be produced." Finally, they contend that the production of these documents would cause them "to violate the privacy expectations of tens of thousands of [their] policyholders" and would violate the Gramm-Leach-Bliley Act.

The AIG defendants rely on a number of affidavits to support their positions. By way of the affidavit of attorney Linda J. Hamilton Mowles – who was their counsel at the time – they attempt to prove that they did *not* agree to the subject production at the status conference that led to the entry of the order of December 31, 2003. As to their position that the ordered production is "overly broad, unduly burdensome, and extraordinarily costly," they rely primarily on the affidavit of one of their employees, Elizabeth Wacik. The AIG defendants also filed other affidavits in the trial court in an attempt to demonstrate that they are entitled to relief from the subject order.

In granting the AIG defendants' application, we were influenced, in large measure, by the aforesaid affidavits. It does appear that all of these affidavits were filed in the trial court. However, it is now clear to us that none of these affidavits were considered by the trial court as a part of the decision-making process that led to the entry of the December 31, 2003, order or any action taken by the trial court in advance of the filing in the trial court of the AIG defendants' Tenn. R. App. P. 9 application. This prompted the plaintiff-appellee, Michael C. Mallen, to file a motion with us asking that we strike the affidavits from the record before us, a motion that was referred to the panel before whom this case was argued on appeal. In view of our disposition of this appeal, that motion is now moot.

We have decided that this discretionary appeal was improvidently granted. We have made this determination because we have concluded – and there does not appear to be any real dispute about this – that the affidavits which basically prompted our decision to review this matter at this stage of the proceedings were never really considered by the trial court. We have concluded that this matter should be remanded to the trial court so it can consider the propriety of the pre-trial discovery order of December 31, 2003, in light of such issues as may be brought to the court's attention by way of renewed or properly-amended pleadings and such evidence as may be presented by the parties on the issues so made.

This appeal is dismissed with costs on appeal being taxed to the appellants, American International Group, Inc., American International Specialty Lines Insurance Co., American International Surplus Lines Agency, Inc., Willis North America, Inc., John F. Killebrew, and Annis Trevarthen. Case remanded with instructions.

_____
CHARLES D. SUSANO, JR., JUDGE

-2-